# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ADRIA C., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-19-785 (lead case) |
|  | * | SAG-19-1150 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant. | * | |

# MEMORANDUM OPINION

On March 14, 2019, Plaintiff Adria C., who proceeds *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") 2014 decision to award her disability benefits.[1] ECF 1. The SSA filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), on the grounds that Plaintiff did not exhaust her administrative remedies prior to filing her complaint, and 12(b)(6), on the grounds that Plaintiff did not state a claim upon which relief can be granted. ECF 25.[2] Plaintiff opposed the motion. ECF 27. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons explained below, I will grant the SSA's Motion to Dismiss.

## I.  FACTS

The following facts are derived from Plaintiff's Complaints and their attachments, and the allegations are assumed true for the purposes of this motion. Plaintiff received a fully

---

[1] Plaintiff first brought her claim against the SSA to the Circuit Court of Baltimore County in 2018; it was removed to the United States District Court. *See* 19-cv-1150-SAG ECF 1 (consolidated case).

[2] The SSA's previous motion to dismiss, filed June 27, 2019, ECF 19, was denied without prejudice because it lacked affidavits or other evidentiary support, ECF 24.

favorable decision of disability from the Social Security Administration on December 8, 2014. ECF 1-4. Plaintiff's application for benefits stated an onset date of June 1, 2012. ECF 1-3. Plaintiff sustained an injury to her meniscus at work in 2010. ECF 1-2 ¶ 1. Plaintiff underwent surgery and continued having difficulties with her meniscus after surgery. *Id.* Plaintiff saw several doctors after having surgery, but none identified the cause of, or solution for, the injury. *Id.* ¶ 2. These doctors were paid through Medicaid. *Id.* The SSA sent Plaintiff's application to the Cochran firm for legal representation in her disability case. *Id.* ¶ 5.

Plaintiff contacted her Senators' offices, her Congressman's office, the Maryland Board of Physicians, and other entities to inform them that she was intentionally put on disability "because doctors did not identify [her] injury and SSA [chose] lawyers to misrepresent [her]." *Id.* ¶ 10. The Cochran firm received Plaintiff's signed retainer in 2013. *Id.* ¶ 12. Plaintiff alleges in her Complaint that the Cochran firm knew or should have known that hers was a medical malpractice case, and not a disability case. *Id.* Plaintiff additionally alleges that she would have had her injury fixed had she been able to proceed with a medical malpractice case. *Id.* Plaintiff further alleges that she is not disabled, and that the SSA, and the doctors and lawyers involved, committed illegal, fraudulent, and criminal acts in forcing her to receive disability benefits. *See id.* ¶¶ 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp.

2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. v. Unites States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A plaintiff carries the burden of establishing subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion

3

by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). While a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2), the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d

4

435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

III. ANALYSIS

The SSA first argues that this Court lacks jurisdiction over Plaintiff's appeal because Plaintiff failed to exhaust her administrative remedies before filing suit and is not, therefore, appealing from a final decision of the Commissioner. ECF 25. The SSA, as an agency of the United States Government, enjoys immunity from suit absent express waiver. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). The applicable waiver of immunity in this case is found in the Social Security Act, which provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). Here, Plaintiff did not seek review by the Appeals Council after the ALJ's December 8, 2014, decision.

Social Security regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a). First, an individual claiming entitlement to benefits receives an initial determination. 20 C.F.R. §§ 404.902, 416.1402. If the claimant is not satisfied with the

5

determination, the claimant may request the SSA to reconsider the decision. 20 C.F.R. §§ 404.907, 416.1407. After the second step, reconsideration, if the claimant is still not satisfied with the determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). *Id.*; 20 C.F.R. §§ 404.929, 416.1429. The claimant must request a hearing within sixty (60) days after the claimant receives notice of the previous determination or decision, unless the Commissioner grants a written request for more time. 20 C.F.R. §§ 404.933(b), 416.1433(b). Finally, if the claimant is not satisfied with the ALJ's determination at the third step of the review, the claimant may request review by the Appeals Council ("AC"). 20 C.F.R. §§ 404.967, 416.1467. The AC may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the request for review and issue its own decision. 20 C.F.R. §§ 404.981, 416.1481. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty (60) days after receiving notice of the AC's action, unless the Commissioner grants a written request for more time. 20 C.F.R. §§ 404.981, 404.982, 416.1481, 416.1482; *see also* § 422.210. If the claimant does not pursue administrative appeal rights, or does not do so within the time limits set out in the regulations, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

In this case, Plaintiff did not appeal the ALJ's 2014 decision, so it became binding and is not judicially reviewable. Without pursuing the remaining steps of the administrative process, including review by the AC, Plaintiff has not afforded SSA "an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise and to compile a record which is adequate for judicial review." *Fitzgerald v. Schweiker,* 538 F. Supp.

6

992, 998 (D. Md. 1982) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). Thus, Plaintiff has not exhausted her available administrative remedies.

Second, the Commissioner argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because (1) Plaintiff's Complaint is barred by the applicable statute of limitations, and (2) Plaintiff's allegations of illegality, fraud, and criminal acts are neither clear nor plausible. ECF 25-1.

First, under 42 U.S.C. § 405(g), a complaint must be filed within sixty days of the Commissioner's final decision. Even if the ALJ's December 8, 2014, decision were considered the final decision of the SSA, Plaintiff did not file a complaint for judicial review until March 14, 2019. ECF 25-2 (Dec. ¶ 3). Plaintiff argues that "the law doesn't apply to this circumstance" because if she had committed fraud years ago, she "would have consequences," and that she only found out recently that "the Government and the Cochran Firm knowing[ly] committed fraud." ECF 27 at 6-7. While the statute of limitations can be tolled when "extraordinary circumstances beyond plaintiffs' control [make] it impossible to file the claims on time," equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving [her] legal rights." *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (citations removed). Here, in addition to not having a final reviewable decision of the agency, Plaintiff has not shown facts or circumstances that justify extension of the sixty-day filing timeline.

The Commissioner additionally argues that Plaintiff's allegations of illegality, fraud, and criminal acts against the SSA are not pleaded with sufficient facts to support the plausibility of wrongdoing. As presented, Plaintiff's Complaint "do[es] not permit the court to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 570. For example, Plaintiff alleges that the SSA committed fraud by making up false injuries "just to get [her] approved for

7

disability," ECF 1-2 ¶ 9, wrongfully proceeded with her disability case when the medical evidence was "proof of medical malpractice and medical negligence," ECF 27 ¶ 3, and neglecting to identify or fix her injuries, ECF 27-1 ¶ 1. In her response to the Commissioner's explanation of the administrative procedures for a "dissatisfied" claimant, ECF 25-2 ¶ 1 (Declaration), Plaintiff argues that "indicating im [sic] Unsatisfied shows corruption and fraud is allowed so long as you are the parties committing the fraudulent acts." ECF 27-1 ¶ 1.

Plaintiff argues that this case is not about her "being unsatisfied"; rather, it is about "FRAUD and ILLEGAL actions that SSA utilized to forced [sic] me on disability into POVERTY for a fixable injury." *Id.* (emphasis in original). Plaintiff implies that the SSA owed her a duty to identify, and fix, Plaintiff's knee injury. *See, e.g.*, ECF 31 ("not identifying my injury is fraud and illegal"); ECF 16 at 1 (Plaintiff's amended complaint from December 2018: "Forced on disability fraudulently with injuries I don't have and not identifying the knee injury I do have."). While Plaintiff insists that she is not disabled, *see, e.g.*, ECF 27 at 7 ("I AM NOT DISABLED") (emphasis in original), she also argues that her meniscus injury is "only a disability if it goes unidentified and untreated, Which is what happened." ECF 27 ¶ 4.

The Commissioner is correct that, even if Plaintiff's allegations were pleaded with sufficient particularity, the Federal Torts Claims Act ("FTCA") bars such a claim against the SSA. "Although the FTCA is the exclusive remedy for tort claims against the federal government and its agencies, jurisdiction under the FTCA is barred, pursuant to the exclusive remedy provision of the Social Security Act, for cases arising under the Social Security Act." *Hronek v. Sec'y, Dep't of Health & Human Servs.*, 2003 WL 24026306, *2 (D. Md. July 7, 2003), *aff'd*, 78 Fed. App'x 232 (4th Cir. 2003).

Accordingly, due to Plaintiff's failure to exhaust her administrative remedies, timely file an appeal, and state a plausible claim for relief, this Court lacks jurisdiction to review her claims.[3] Thus, acknowledging Plaintiff's frustration and pain, her case must be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the SSA's Motion to Dismiss, ECF 25, is GRANTED, Plaintiff's motions, ECF 28, ECF 29, ECF 31, are denied as moot, and the Clerk is directed to CLOSE this case. A separate order follows.

Dated: October 1, 2019

/s/
Stephanie A. Gallagher
United States District Judge

---

[3] The Court notes that Plaintiff filed multiple motions in this case: A request for subpoena records to be submitted, ECF 28, a request for subpoena phone records to be transferred, ECF 29, and a request for an expedited trial by jury, ECF 31. Because the case must be dismissed, these motions will be deemed as moot.